# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# AMARILLO DIVISION

| | | |
|---|---|---|
| BOREN SWINDELL & ASSOCIATES, LLP, | § § | |
| PLAINTIFF, | § | |
| v. | § § | |
| LAWRENCE A. FRIEDMAN, DIRECTOR of the EXECUTIVE OFFICE for UNITED STATES TRUSTEES, and WILLIAM T. NEARY, the UNITED STATES TRUSTEE for REGION SIX of the UNITED STATES TRUSTEE PROGRAM, | § § § § § § § | CIVIL ACTION CAUSE NUMBER  2:05-CV-064-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Friedman and Neary's motion, filed May 2, 2005, to dismiss this case for lack of jurisdiction. No response to this motion has been filed, and the time to respond has elapsed. For the following reasons this case will be dismissed for lack of jurisdiction.

Plaintiff brings this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the general federal question statue, 28 U.S.C. § 1331. The defendants are Lawrence A. Friedman, the Director of the Executive Office for the United States Trustees, the federal agency responsible for oversight of the United States Trustee Program within the United States Department of Justice, and William T. Neary, who is the United States Trustee for the Northern and Eastern Districts of Texas (Region Six).

Defendants move for dismissal on the basis of a lack of jurisdiction. They argue that this Court lacks jurisdiction because the United States has not waived its sovereign immunity, and therefore it (and they) cannot be sued here. No response to this argument has been offered by the Plaintiff. Plaintiff's original complaint states only that jurisdiction exists pursuant to the Declaratory Judgment Act and the general federal question statue, 28 U.S.C. § 1331.

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every federal court has a special obligation to "satisfy itself ... of its own jurisdiction." *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).

The United States is not subject to suit without a waiver of sovereign immunity, and any such waiver is to be strictly construed. *Nickerson v. United States*, 513 F.2d 31, 32-33 (1st Cir. 1975). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not constitute a waiver of sovereign immunity because the Act "neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief." *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983).

Likewise, the federal question statue, 28 U.S.C. § 1331, provides no jurisdictional basis for this suit. It is settled law that sovereign immunity is not waived by a general jurisdictional statute such as 28 U.S.C. § 1331. *See Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380 (5th Cir. 1989).

Where the United States has not consented to suit or the plaintiff has not met the terms of a jurisdictional statute, federal courts lack jurisdiction and the action must be dismissed. *See* Fed. R. Civ. Pro. 12(h)(3); *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548

(1990). The government has not consented to be sued in this case, and has not otherwise waived its immunity from suit. Plaintiffs have cited no valid basis for jurisdiction over their claims.

This case must therefore be dismissed for lack of jurisdiction.

It is SO ORDERED.

Signed this the  25th  of July, 2005.

                    /s/ Mary Lou Robinson
                    **MARY LOU ROBINSON**
                    UNITED STATES DISTRICT JUDGE