IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| BOREN SWINDELL & ASSOCIATES, L.L.P., § | | |
| Plaintiff and Counter-Defendant, § § § | | CIVIL ACTION NUMBER |
| and § | | |
| § | | 2:05-CV-064-J |
| DENNIS R. BOREN, § | | |
| Defendant and Counter-Plaintiff, § § | | |
| vs. § | | CONSOLIDATED WITH |
| § | | |
| LAWRENCE A. FRIEDMAN, DIRECTOR of the EXECUTIVE OFFICE for UNITED STATES TRUSTEES and WILLIAM T. NEARY, UNITED STATES TRUSTEE for REGION SIX, § § § § § | | CIVIL ACTION NUMBER 2:05-CV-097-J |
| § | | |
| Defendants and Counter-Plaintiffs. § § | | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant and Counter-Plaintiff Lawrence Friedman and William Neary's motion, filed May 2, 2005, to dismiss this declaratory action lawsuit in favor of the claims and defenses raised herein being adjudicated in an earlier-filed Bankruptcy Court proceeding. For the following reasons this motion is granted.

## SUMMARY

Plaintiff brings this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the general federal question statue, 28 U.S.C. § 1331. The Defendants are Lawrence A. Friedman, the Director of the Executive Office for the United States Trustees, the

federal agency responsible for oversight of the United States Trustee Program within the United States Department of Justice, and William T. Neary, who is the United States Trustee for the Northern and Eastern Districts of Texas (Region Six)(collectively referred to as "UST"). Plaintiffs Boren Swindell & Associates, L.L.P., and Dennis Boren allege that the office of the UST has taken upon itself the regulatory functions of the State Bar of Texas insofar as the State Bar's authority to regulate Texas attorneys and Texas lawfirms' internal management practices, tasks which Plaintiffs allege is beyond the statutory scope of the Trustees' duties.

This action is therefore filed to stop legal actions taken by the Office of the United States Trustee to enjoin allegedly wrongful actions taken in various Bankruptcy Court proceedings by Dennis Boren and Boren, Swindell & Associates, L.L.P., as legal counsel for debtors in bankruptcy. These factual allegations arise in the context of a specific bankruptcy proceeding – Dennis Boren's representation of Toni L. Lincoln in her chapter 13 bankruptcy case, case no. 04-20392 – as well as factual allegations arising out of proceedings of other debtors in bankruptcy. In the Lincoln bankruptcy proceeding the UST brought causes of action against Boren and his lawfirm, seeking: (1) an injunction regarding Boren's continued practice before the Bankruptcy Court and other sanctions for Boren's alleged failure to properly perform his responsibilities as an attorney appearing in the Bankruptcy Court; (2) disgorgement of fees under §329 of the Bankruptcy Code and Bankruptcy Rule 2014; and (3) the imposition of appropriate and compensatory sanctions against Boren to compensate Toni Lincoln, her attorney, and the chapter 13 Trustee for the time and expense they each incurred in rectifying the results of Boren's alleged practices.

Plaintiffs allege that bringing these causes of action are beyond the scope of the UST's statutory powers and, even if it is proper to bring a disgorgement action in the Lincoln proceeding,

that any such disgorgement must be limited to only fees related to that one proceeding and not fees allegedly wrongfully charged in other bankruptcy actions. Presumably Plaintiffs seek to make the UST bring separate disgorgement proceedings within numerous bankruptcies, instead of within one adversary proceeding.

This is Plaintiffs' second attempt to stop the UST from proceeding in Bankruptcy Court. In Boren Swindell & Associates' other lawsuit, civil action number 2:05-CV-097-J, Plaintiffs sought a withdrawal of the reference of Title 11 cases to Bankruptcy Court.[1] In that suit the UST contended that its causes of action in Bankruptcy Court were core proceedings, thereby properly first heard by the Bankruptcy Court. Plaintiffs conceded that two out of three of the UST's causes of action were core matters in bankruptcy, but Plaintiffs contended that one of the UST's causes of action was a non-core matter involving Constitutional issues that overrode the other causes of action. Boren argued that the mandatory withdrawal provisions of 28 U.S.C. § 157(d) therefore necessitated withdrawal of the reference to the Bankruptcy Court. This Court disagreed and denied Boren's request to withdraw that reference.

## **ANALYSIS**

As with the other related lawsuit, the heart of this matter is a bankruptcy judge's ability to regulate the conduct of participants appearing before him in Bankruptcy Court and the UST's statutory duty to bring allegedly improper conduct to the attention of the bankruptcy judge. The Bankruptcy Court operates under the benefits and burdens of all local district court rules that apply to the bankruptcy court. District Court Local Rule 83.8 provides the bankruptcy judge with the

---

[1] 28 U.S.C. § 157(d) provides that: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown.* ... if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

power and authority to address claims against a lawyer relating to that lawyer's standards of practice in bankruptcy court actions. *See* 11 U.S.C. § 105(a); *Cunningham v. Ayers (In re Johnson)*, 921 F.2d 585 (5th Cir. 1991). Further, the bankruptcy judge has broad powers under title 11 to prevent an abuse of the bankruptcy process, which includes "the power to issue and order to sanction an attorney." *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997). There is no question of the Bankruptcy Court's jurisdiction over the claims or defenses raised herein.

The UST has a statutory duty to "supervise the administration of cases" under Title 11 as the UST "considers it to be appropriate." 28 U.S.C. § 586(a). His office does this by "reviewing ... applications filed for compensation and reimbursement," "filing with the [bankruptcy] court comments with respect to such," "monitoring plans and disclosure statements filed in cases" under Title 11, "taking such actions as the UST deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under [Titles 11and 28] by the debtors are properly and timely filed," "monitoring creditors' committees," notifying the appropriate U.S. Attorney of potential criminal activity and assisting that office in carrying out prosecutions, "monitoring the progress of cases" filed under Title 11, and monitoring the employment of attorneys insofar as those professional make application for approval of their fees. 28 U.S.C. § 586. Plaintiffs do not question these statutory grants of authority. They argue in essence that the UST can not monitor, supervise and bring alleged wrongdoings in multiple fee applications in multiple bankruptcy proceedings to the attention of the Bankruptcy Court in one adversary proceeding within a single bankruptcy action.

Given this factual and legal background, the Defendants move for dismissal on the basis of a lack of jurisdiction. They argue that this Court lacks jurisdiction because the United States has not waived its sovereign immunity, and therefore it (and they) cannot be sued here. While Plaintiffs' original complaint states only that jurisdiction exists pursuant to the Declaratory Judgment Act and

the general federal question statue, 28 U.S.C. § 1331, they further argue that any sovereign immunity does not shield an executive officer from suit if the officer acted either unconstitutionally or beyond his statutory powers.  *See Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682 (1949).

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See, e.g., Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803).  For that reason, every federal court has a special obligation to "satisfy itself ... of its own jurisdiction." *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).

The United States is not subject to suit without a waiver of sovereign immunity, and any such waiver is to be strictly construed.  *Nickerson v. United States*, 513 F.2d 31, 32-33 (1st Cir. 1975). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not constitute a waiver of sovereign immunity because the Act "neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief." *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983).  Likewise, the federal question statue, 28 U.S.C. § 1331, provides no jurisdictional basis for this suit.  It is settled law that sovereign immunity is not waived by a general jurisdictional statute such as 28 U.S.C. § 1331.  *See Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380 (5th Cir. 1989).

Where the United States has not consented to suit or the plaintiff has not met the terms of a jurisdictional statute, federal courts lack jurisdiction and the action must be dismissed.  *See* Fed. R. Civ. Pro. 12(h)(3); *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).  The government has not consented to be sued in this case, and has not otherwise waived its immunity from suit.  However, case law supports Plaintiffs' assertions that sovereign immunity does

not shield an executive officer from suit if the officer is acting beyond his statutory powers. *Malone v. Bowdoin,* 369 U.S. 643 (1962). In such a case the officer's action can be made the basis of a suit for specific relief against the officers as an individual. *Dugan v. Rank,* 372 U.S. 609, 621-22 (1963).

Nevertheless, it is well established in the Fifth Circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion. *See, e.g., Wilton v. Seven Falls Co.,* 41 F.3d 934 (5th Cir. 1994)(held that district court did not abuse its discretion in declining to entertain declaratory judgment action in light of pending state court proceedings encompassing same coverage issues and danger that maintenance of declaratory judgment action would result in piecemeal adjudication of coverage dispute), *affirmed, Wilton v. Seven Falls Co.,* 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)(held that discretionary standard, not "exceptional circumstances" test, governs district court's decision to stay declaratory judgment action during parallel state court proceedings, and district court decision about propriety of hearing declaratory judgment action is reviewed for abuse of discretion); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)(citing cases); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983)(same).

Although a court may not dismiss an action for declaratory relief "on the basis of whim," *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981), or without providing a written or oral explanation, *see Rowan*, 876 F.2d at 29-30, the court may consider a variety of factors in determining whether to decide a declaratory judgment suit. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991); *Rowan*, 876 F.2d at 29.

Where the district court finds that another court provides an adequate forum initially to decide relevant contested issues, or that the declaratory judgment action was filed for the purpose of forum shopping in anticipation of other suits to be filed, or that deferral to the other forum would

not cause undue inconvenience to the declaratory judgment plaintiff (for example, because it does business in that forum), notwithstanding even the *probability* that the other court might not apply the same legal doctrines as a federal court, a district court does not abuse its discretion in declining to exercise its jurisdiction. *See Magnolia Marine Transport v. LaPlace Towing Corp.,* 964 F.2d 1571, 1580-82 (5th Cir. 1992). Here the Bankruptcy Court will, of course, apply federal doctrines in this case.

In *Puritan Fashions*, the Fifth Circuit noted that a "district court ... is not required to provide declaratory judgment relief, and [that] it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." Id. The Fifth Circuit has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping. *Puritan Fashions*, 706 F.2d at 602 & n. 3; *accord Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985); *Ven-Fuel, Inc. v. Dept. of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). It is not an abuse of discretion for a district court to base its decision to dismiss on a finding that the declaratory judgment suit was filed in its jurisdiction to avoid litigation in another forum. The district court may also factor into its decision any unexplained delay to the declaratory judgment defendants. Such a delay may indicate an abuse of judicial procedure in trying to control the forum of the true plaintiff's action. Where this occurs, a district court does not abuse its discretion in refusing to hear the declaratory judgment action. *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985).

This cause of action arises out of cases under Title 11. Boren and his lawfirm would not be able to represent debtors before the Bankruptcy Court but for the existence of bankruptcy law, and the bankruptcy judge's ability to supervise and regulate the actions of attorneys who appear before

his court exists only as a result of the formation of that court through bankruptcy law. *See, e.g. In the Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)(If the legal proceeding is one that would only arise in bankruptcy, it is a core bankruptcy proceeding that should be litigated in that forum). The bankruptcy forum is the proper forum for Plaintiffs' claims and defenses to be brought.

As to the Plaintiffs' due process concerns as a basis for this declaratory judgment action proceeding instead of judicial resolution of all of their claims and defenses in Bankruptcy Court, the Bankruptcy Court is bound to accord all litigants their due process rights, including but not limited to the federal limitations upon discovery, which are in effect throughout that entire proceeding, and any subsequent appeal to this Court or a higher court of appeals. Finally, the Court notes, without deciding the issue, that Fed. R. Civ. Pro. 8(e)(2) and Bankruptcy Rule 7018(a) expressly permit a party to bring within one civil proceeding as many separate claims as the party has against another party, regardless of the legal or equitable grounds thereof./$^2$

### CONCLUSIONS

For all of the above-stated reasons, this Court declines to hear this action.

Accordingly, the UST's motion to dismiss is granted.

It is SO ORDERED.

Signed this   23rd   day of March, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

---

$^2$    In addition, all pleadings are to be so construed as to do substantial justice, Fed. R. Civ. Pro. 8(f), and the federal rules are to be administered so as to secure the just, speedy and inexpensive determination of the claims and defenses in every action. Fed. R. Civ. Pro. 1.